UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATHAN M. F. CHARLES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 21-0864 (CKK) |

## RESPONSE TO PLAINTIFF'S SECOND SUPPLEMENTAL BRIEFING

Pursuant to the Court's February 9, 2022, Minute Order, the United States of America ("Defendant"), hereby submits this Response to Plaintiff's Second Supplemental Briefing (ECF No. 17).

Citing a brief filed by the Department of Justice (the "Department") in *Swalwell v. Donald J. Trump, et al.*, Civ. A. No. 21-586 (APM) (hereinafter "DOJ Brief"), Plaintiff contends that the Department's decision to issue a Westfall Act certification in the instant case is inconsistent with the Department's decision not to issue a certification in *Swalwell*. Not so. When Morris "Mo" Brooks Jr. was sued in *Swalwell* in his personal capacity based on Brooks' conduct at the rally at the Ellipse on January 6, 2021, Brooks requested from the Department a certification under the Westfall Act that he was acting within the scope of his office or employment as a Member of Congress. DOJ Brief at 1. The Department declined to issue a certification because "it cannot conclude that Brooks was acting within the scope of his office or employment as a Member of Congress at the time of the incident out of which the claims in this case arose." *Id*. In contrast, the Department issued a Westfall Act certification in this case because the Department concluded that attorneys Jay Bratt and Julie Edelstein, supervisors in the National Security Division's

Counterintelligence and Export Control Section, were acting within the scope of their employment during the incidents from which Plaintiff's defamation suit arose. *See* Mot. to Dismiss at 3 (ECF No. 3). The Department applied the same law of the District of Columbia (*compare* DOJ Brief at 7 *to* Mot. to Dismiss Reply at 3 (ECF No. 10)) and arrived at different conclusions because of the obviously different factual circumstances underlying the two lawsuits.

For example, Plaintiff's defamation claim arises from statements of Bratt and Edelstein made "to the Plaintiff's direct supervisor and other managerial officials . . . claiming the Plaintiff had failed to follow instructions" at work. Compl. (ECF No. 1-1) ¶ 3. During the relevant period, Bratt was the Chief and Edelstein was a Deputy Chief in the Counterintelligence and Export Control Section ("CES"). Mot. to Dismiss Reply at 4. As alleged, the conduct was undertaken to share with other supervisors the views of Bratt and Edelstein regarding Plaintiff's work performance (*e.g.*, "fail[ure] to follow instructions") as a line attorney. Such conduct is part of the management function of a Chief or Deputy Chief, and thus "of the kind" Bratt and Edelstein "were employed to perform" to "serve the master" or employer. *Id*. In contrast, Brooks' conduct was "undertaken as part of a campaign-type rally" for the former President, and the Department's decision was consistent with authority indicating that electioneering or campaign activities are outside the scope of a Member of Congress's employment. DOJ Brief. at 7.

Plaintiff's Complaint likewise suggests the statements were made during the "time and space" of the workday at the Department. *See* Compl. ¶ 3. In contrast, the conduct of Brooks on the morning of January 6 at a "Donald Trump rally" at the Ellipse was beyond the "time and space" of the duties of a Member of Congress. DOJ Brief at 14.

Plaintiff's Supplemental Brief attempts to argue that both Brooks' conduct and that of Bratt and Edelstein were "personal" rather than "official" in nature, but in doing so Plaintiff focuses on

what he perceives to be the wrongful character of Bratt and Edelstein actions—saying they "lied" about Plaintiff "for the purpose of exacting revenge" against him. Supp. at 2. As the Government explained previously, "District law requires that we focus on the type of act [the alleged defendant] took that allegedly gave rise to the tort, not the wrongful character of that act." *Jacobs v. Vrobel*, 724 F.3d 217, 221 (D.C. Cir. 2013) (citing *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 664 (D.C. Cir. 2006)). All the actions allegedly taken by Edelstein and Bratt were in the context of acting as CES supervisors, providing guidance and direction on investigations and prosecutions, and managing CES personnel, including Plaintiff. As the Department noted in the *Swalwell* brief, comments "incidental to the officials' duties" even if allegedly defamatory can fall within the scope of employment. DOJ Brief. at 20.

In sum, Plaintiff's Supplemental Briefing does not assist him in satisfying his burden to "com[e] forward with specific facts rebutting the certification." *Ballenger*, 444 F.3d at 662 (D.C. Cir. 2006) (quoting *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003)). Therefore, the Government respectfully requests that the Complaint be dismissed for the reasons stated in the Government's motion to dismiss briefing.

Dated: February 18, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _____/s/ Sean Tepe_____
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
202-252-2533

*Attorneys for the United States of America*