UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN M.F. CHARLES,<br><br>    Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 21-0864 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(February 24, 2022)

In this defamation case, Plaintiff Nathan M.F. Charles, previously employed as an attorney at the National Security Division of the United States Department of Justice ("NSD"), seeks damages from two of his former coworkers and supervisors who, he alleges, uttered defamatory statements that caused his separation from NSD. Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"), the United States of America, through the Attorney General of the United States, removed the case from the District of Columbia Superior Court and moved to dismiss Plaintiff's complaint on jurisdictional grounds. In an effort to moot Defendant's motion to dismiss, Plaintiff moved for leave to file an amended complaint. As Plaintiff's proposed amended complaint would not remedy the jurisdictional deficiencies of the first, and upon consideration of the pleadings,[1] the relevant legal authorities, and the entire

---

[1] This Memorandum Opinion focuses on the following documents:
- Plaintiff's Complaint, ECF No. 1-1 ("Compl.");
- Defendant's Motion to Dismiss, ECF No. 3 ("MTD");
- Plaintiff's Reply to Defendant's Motion to Dismiss ("Pl.'s Opp.");
- Defendant's Reply in Support of United States' Motion to Dismiss, ECF No. 10 ("Def.'s Repl.");
- Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 19 ("Mot. Am.");
- Plaintiff's proposed Amended Compaint, ECF No. 19-1 ("Am. Compl.');

1

record, the Court shall **DENY** Plaintiff's [19] Motion for Leave to File Amended Complaint and **GRANT** Defendant's [3] Motion to Dismiss.

## I. BACKGROUND

On February 25, 2021, Plaintiff, previously employed as an attorney at the National Security Division of the United States Department of Justice, filed a complaint for defamation against two of his coworkers in the District of Columbia Superior Court. Notice of Removal at ¶ 2. Plaintiff's operative complaint is threadbare; it characterizes his coworkers' statements as "false" and made to "Plaintiff's direct supervisor and other managerial officials of [NSD]." Compl. at ¶¶ 3-4. The complaint's only other factual allegation is that, "[a]s a result of [his coworkers'] publication of these defamatory statements, [] Plaintiff was suspended from his position as a federal prosecutor," resulting in lost wages. *See id.* at ¶ 5. On March 31, 2021, Defendant filed their notice of removal, arguing that it was the true party in action as Plaintiff's former coworkers were acting in their official capacity when they uttered the allegedly defamatory statements. *Id.* at ¶ 5. Defendant relies on 28 U.S.C. §§ 1442(a)(1); 1446, and 2679(d)(2) in support of removal jurisdiction. Notice of Removal at ¶ 3.

A week after removal, Defendant filed its motion to dismiss for lack of subject matter jurisdiction. In support thereof, Defendant argues: (1) the Court does not have derivative jurisdiction because federal courts have exclusive jurisdiction over claims arising under the

---

- Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 23 ("Def.'s Opp.');
- Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compell [sic] Conference on Discovery, Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, and Response to Defendants' Motion to Stay Discovery, ECF No. 24 ("Pl.'s Repl."). In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

FTCA; (2) contrarily, Plaintiff cannot bring an FTCA claim because the FTCA does not waive sovereign immunity for intentional torts; and (3) Plaintiff had yet to effect proper service. MTD. at 1.

It was not until Plaintiff's opposition[2] that Plaintiff offered some factual development in response to Defendant's jurisdictional arguments. Broadly, Plaintiff alleges that his supervisors ignored concerns he raised about ███████████████████████████████████████████████████████████████████████████████████████████████. Pl.'s Opp. at 4-6. Plaintiff alleges that he submitted a draft report on the subject to his supervisor, that she directed him not to share the draft outside of the Department of Justice, and when he did, she reported his actions to upper management within NSD. *Id.* at 9-10. An admonishment followed, which Plaintiff describes as baseless. *Id.* at 12. After several other meetings with senior NSD leadership, Plaintiff submitted a complaint to the Inspector General for the Department of Justice alleging "gross mismanagement" on the part of his two supervisors. *Id.* at 25.

Plaintiff's proposed amended complaint reiterates some of the factual allegations in his opposition. The amended complaint states that the admonishment, later shared among other NSD leadership, charged Plaintiff with "failure to follow instructions." Am. Compl. at ¶ 17. That statement, Plaintiff pleads, forms the basis for his defamation claim. *Id.* at ¶¶ 17-20. Additionally, Plaintiff proposes adding a second claim for intentional infliction of emotional distress ("IIED") based on the same allegations. Am. Compl. at ¶ 25-29. In its opposition to Plaintiff's motion for leave to amend, Defendant argues that: (1) Plaintiff has not exhausted his

---

[2] Upon Defendant's motion, the Court sealed Plaintiff's opposition as, Defendant represented, Plaintiff revealed the existence of sensitive, ongoing national security investigations. Order at 1, ECF No. 28 (Feb. 22, 2022). In an abundance of caution, the Court has redacted one factual detail in this Memorandum Opinion and Order.

3

administrative remedies on his IIED claim, (2) the FTCA does not waive immunity for IIED claims as an intentional tort (and insofar as the alleged statements were made within the course of Plaintiff's supervisors' employment), and (3) the proposed amended complaint does not state a claim for IIED. With the two motions fully briefed, the Court turns to their resolution.

## II. LEGAL STANDARDS

### A. Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" after 21 days from service. "Leave to amend a complaint is within the court's discretion and 'should be freely given unless there is a good reason . . . to the contrary.'" *Klayman v. Judicial Watch, Inc.*, 288 F. Supp. 3d 314, 317 (D.D.C. 2018) (CKK) (quoting *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 99, 1003 (D.C. Cir. 1996)). "When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Id.* (internal quotation marks removed). With respect to futility, "a district court may properly deny a motion to amend if 'the amended pleading would not survive a motion to dismiss.'" *Id.* (quoting *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010)).

### B. Motion to Dismiss for Lack of Jurisdiction

To survive a motion to dismiss pursuant to Rule 12(b)(1), plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claim. *See Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).

### C. Motion to Dismiss for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient *factual* allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *See In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

5

### III.     DISCUSSION

Because the Court lacks jurisdiction over Plaintiff's defamation claim, even as amended, and his IIED claim, it shall deny Plaintiff's motion to amend as futile and grant Defendant's motion to dismiss.

#### A.  Derivative Jurisdiction

Defendant first argues that the complaint should be dismissed on the grounds that the Court lacks derivative jurisdiction over the complaint. Defendant points to 28 U.S.C. § 1442 as the basis for the Court's removal jurisdiction in this case and notes that, unlike § 1441, it requires the Court to have had jurisdiction over the claims in the complaint in the first instance. *Compare* § 1441(f) *with* § 1442. Section 1442, however, is relevant to any *constitutional* claim made against a federal law enforcement officer in connection with their law enforcement duties. *See id.* (a)(1). Here, it is undisputed that Plaintiff's supervisors were not acting in a law enforcement capacity when they uttered the alleged defamatory statements. As a result, the government removed not on that basis, but on the basis that Plaintiff's claims were, in effect, claims against the United States under the FTCA.

For such a claim, the FTCA provides for a more specific removal jurisdiction over any claim against an individual defendant whom the Attorney General certifies was acting within the course of their employment. 28 U.S.C. § 2679(d)(2). Indeed, if derivative jurisdiction were required for an FTCA claim first brought in state court, a federal court would *never* have removal jurisdiction over such a claim as federal courts have exclusive jurisdiction over FTCA claims. 28 U.S.C. § 1346. That outcome does not square with the text of the FTCA itself. As such, the Court concludes that derivative jurisdiction is a non-issue in this case and the Court has removal jurisdiction to consider the remainder of Defendant's arguments.

### B. Sovereign Immunity

Next, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's defamation claim because the United States has not waived sovereign immunity over such a claim. In general, the FTCA waives immunity only for non-intentional torts. *See* 28 U.S.C. § 2680; *Gardner v. United States*, 213 F.3d 735, 737 n.1 (D.C. Cir. 2000). As defamation and intentional infliction of emotional distress are intentional torts arising from actions for which the FTCA does not waive sovereign immunity, Plaintiff cannot maintain an FTCA action against the United States for his defamation claim or for an IIED claim. *See Jackson v. United States*, 857 F. Supp. 2d 158, 161 (D.D.C. 2012) (defamation); *Koch v. United States*, 209 F. Supp. 2d 89, 94 (D.D.C. 2002). *But see Sabow v. United States*, 93 F.3d 1445, 1447 (9th Cir. 1996) (permitting IIED claim predicated on actions that "d[id] not arise out of [] 'defamatory'" statements).

As Plaintiff argues, however, Defendant presupposes that Plaintiff's supervisors were acting within the course of employment when they uttered the alleged defamatory statements. To rebut the government's certification that his supervisors were acting within their course of employment when they characterized Plaintiff's actions as "failure to follow instructions," Plaintiff must "com[e] forward with specific facts rebutting the certification." *See Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 664 (D.C. Cir. 2006). Whether his supervisors acted within the scope of their employment turns on whether their actions were "'of the kind [they] [were] employed to perform.'" *Id.* (quoting Restatement (Second) of Agency § 228). In other words, their conduct "must have either been 'of the same general nature as that authorized' or 'incidental to the conduct authorized.'" *Id.* (emphasis omitted) (quoting *Haddon v. United States*, 68 F.3d 1420, 1424 (D.C. Cir. 1995) *abrogated on other grounds by Osborn v. Haley*, 549 U.S. 225 (2007)). That Plaintiff considers the statements "malicious" does not change the

7

fact that they were made within the context of "acting as [NSD] supervisors, providing guidance and direction on investigations and prosecutions, and managing [NSD] personnel, including Plaintiff." Supp. Br. at 3. Accordingly, Plaintiff has not carried his burden to rebut the government's Westfall Declaration.

### C. Exhaustion

Although the Court has concluded that it lacks jurisdiction, given Plaintiff's pro se status, it shall continue to consider Defendant's remaining arguments. In that regard, Plaintiff's complaint must also be dismissed for failure to exhaust administrative remedies. Because the Court has concluded that Plaintiff's proposed claims are against the United States, Plaintiff must administratively exhaust them before filing in this Court. To do so, he must first "(1) present[] a federal agency with a claim describing, with particularity, the alleged injury and damages and (2) either receive[] a written denial of the claim from the agency or wait six months from the date of filing without obtaining a final agency disposition." *Totten v. Norton*, 421 F. Supp. 2d 115, 122 (D.D.C. 2006); 28 U.S.C. § 2675(a). Because, in part, Plaintiff insists that the United States is not the correct party in action, it is undisputed that he has not done so. As a result, the Court must also dismiss the complaint on exhaustion grounds.

### D. Service of Process

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In removal cases, that time period is extended to 90 days from the time of removal. *See* 28 U.S.C. § 1448; *Henok v. Chase Home Finance, LLC*, 890 F. Supp. 2d 65, 71 n.4 (D.D.C. 2012). Only if "the plaintiff shows good cause for the failure" may the

Court extend the time for service. Fed. R. Civ. P. 4(m).

As Plaintiff notes, he did, in fact, serve his former coworkers as named defendants in accordance with Superior Court Rule of Civil Procedure 4 prior to the United States substituting itself as Defendant in accordance with the FTCA. *See* Aff. of Service, *Charles v. Bratt et al.*, 2021 CA 000578 B (D.C. Sup. Ct. Mar. 4, 2021). Defendant nevertheless insists that it must be served again. The Court is unaware of any provision of the Federal Rules of Civil Procedure or any federal statute requiring duplicative service after the United States' substitution in an FTCA case. Indeed, there would be no such requirement if *Plaintiff* had substituted the United States, as the United States has received "notice within the limitations period" of Plaintiff's proposed claims. *See Van Beneden v. Al-Sanusi*, 709 F.3d 1165, 1168 (D.C. Cir. 2013) (construing Fed. R. Civ. P. 15(c)).

Nor does the authority on which Defendant relies require duplicative service. In *Graves v. Repub. Nat'l Distr. Co*, 42 F. Supp. 3d 121 (D.D.C. 2014) (CKK), this Court merely reiterated that removal does not vitiate the requirement of proper service once removed to federal court. *Id.* at 123. The Court did not address whether the United States must be served again once substituting itself as the party in interest in an FTCA case. Similarly, *Henok v. Chase Home Fin., LLC*, 890 F. Supp. 2d 65 (D.D.C. 2012) stands only for the proposition that, where service had yet to be effected prior to removal, service must still be made within a certain time post-removal. Accordingly, the Court would not dismiss the complaint for insufficient service.

### E.  Failure to State a Claim for Intentional Infliction of Emotional Distress

Finally, Defendant argues that Plaintiff's motion to amend should be denied as futile for failure to state a claim for intentional infliction of emotional distress. To state a claim under District of Columbia law for intentional infliction of emotional distress, a plaintiff must show

9

"(1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 255 (D.C. Cir. 2008). "Liability will not be imposed for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *District of Columbia v. Tulin*, 994 A.2d 788, 800 (D.C. 2010). Plaintiff's Amended Complaint pleads only that the "fabrication of misconduct" was "extreme and outrageous." Am. Compl. at ¶ 26. Putting aside that Plaintiff himself admits in his opposition to Plaintiff's motion to dismiss that he did not, in fact, follow his supervisor's instructions not to share his draft memorandum outside of NSD, Pl.'s Opp. at 9, Plaintiff points to no authority construing a false allegation of "failure to follow instructions" as so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," *see Sere v. Grp. Hosp., Inc.*, 443 A.2d 33, 37 (D.C. 1982). Accordingly, the Court would have also denied Plaintiff's request to amend his complaint to include an IIED claim as futile.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Plaintiff's [19] Motion for Leave to File Amended Complaint is **DENIED**. It is further

**ORDERED**, that Defendant's [3] Motion to Dismiss is **GRANTED**. It is further

**ORDERED**, that this case is **DISMISSED**.

**SO ORDERED**.

**This is a final appealable order.**

Dated: February 24, 2022

                                              /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge